# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS WAYNE HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:05-1045-T-An |
| | ) | |
| McNAIRY COUNTY, TENNESSEE, *et.* | ) | |
| *al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER GRANTING MOTION OF McNAIRY COUNTY, TENNESSEE, TOMMY RILEY, AND KEITH GATES TO DISMISS WITHOUT PREJUDICE

---

On February 22, 2005, Plaintiff Travis Wayne Hughes, through counsel, filed a complaint against McNairy County, Tennessee, McNairy County Sheriff Tommy Riley, Deputy Sheriff Keith Gates, and Joe Stutts. Summons immediately issued to the first three named defendants on that same day, and to Joe Stutts on the following day.

The first three named defendants—McNairy County, Tommy Riley, and Keith Gates—entered an appearance one year later for the sole purpose of seeking dismissal on the undisputed ground that Hughes failed to include the issued summons when he served the defendants with a copy of the complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, and that Hughes never cured the defect within the time allowed by the rules. *See* FED. R. CIV. P. 4(c)(1) (requiring service of summons with copy of complaint) & (m)

(requiring such service within 120 days after the filing of the complaint with the court). The court may not excuse this defect in service absent a showing of good cause by Hughes for his failure to serve these defendants with a summons in a timely manner. *Id.* (4)(m); *see, e.g., Bush v. City of Zeeland*, 74 Fed. App'x 581, 583 (6th Cir. Sept. 5, 2003) (unpublished) (citing *Moncrief v. Stone*, 961 F.2d 595, 596 (6th Cir. 1992)), *cert. denied*, 541 U.S. 1072 (2004).

Hughes has not even responded to these defendants' procedural objection, much less shown good cause. Accordingly, his claims against Defendants McNairy County, Sheriff Tommy Riley, and Deputy Sheriff Keith Gates are DISMISSED WITHOUT PREJUDICE due to Hughes' failure to serve these defendants with a summons in accordance with Rule 4(m). The only remaining defendant in this action is Defendant Joe Stutts.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE